IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHINA PACIFIC PROPERTY INSURANCE CO., LTD. | § § § | |
| *vs*. | § § | C.A. NO. H – 15 – 888 ADMIRALTY |
| DALIAN SUNTIME INTERNATIONAL TRANSPORTATION CO., LTD., *et al*. | § § § § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff China Pacific Property Insurance Co., Ltd. files this Original Complaint against Defendants, Dalian Suntime International Transportation Co., Ltd. ("Dalian") and AllTrans Port Trucking, Inc. ("AllTrans"), and respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. The Court has supplemental jurisdiction of Plaintiff's claim against AllTrans under 28 U.S.C. § 1367 because it is so related to the other claim in this action within the Court's original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution.

3.     Plaintiff is a Chinese corporation with its principal place of business in Shanghai, People's Republic of China.  At all times material, Plaintiff insured CIEC USA Incorporation ("CIEC") and/or a cargo of Carbon Steel LSAW Pipe (the "cargo").  Plaintiff paid CIEC for the loss of the cargo under an insurance policy and is contractually and/or equitably subrogated to CIEC's interest in the cargo.  Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

4.     At all times material, Dalian chartered and/or operated the M/V JOSCO FUZHOU as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai and Houston.  Dalian is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargos aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Dalian is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Dalian may not be subject to the jurisdiction of the courts of

general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Dalian has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Dalian is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Dalian with a summons is effective to establish personal jurisdiction over it.  Dalian can be served at its home office at Room 601, 1 Gangjingyuan, Gangwan Jie, Zhongshan Qu, Dalian, Liaoning, People's Republic of China.

5. At all times material, AllTrans was a Texas corporation engaged in the business of handling and storing marine cargos, and/or carrying those cargos over the road in interstate and/or intrastate commerce in, to and from places in Texas.  AllTrans can be served by its registered agent, Benny R. Rains, 2317 North Lago Vista, Pearland, Texas 77581.

6. On or about October 20, 2012, CIEC's shipper tendered the cargo in good order and condition to Dalian at Shanghai.  Dalian agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Dalian acknowledged receipt of the cargo in good order and condition and, accordingly therewith issued various bills of lading, including Bill of Lading No. DGIA1201JFZSH03, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V JOSCO FUZHOU.

7.     In or about March 2013, the M/V JOSCO FUZHOU arrived at Houston where Dalian later discharged and then delivered the cargo to CIEC, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, compressed, wet, rusty, corroded, contaminated, stained, scratched and otherwise physically damaged. The damages and loss proximately resulted from Dalian's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

8.     Alternatively, Dalian tendered the cargo in good order and condition to AllTrans at the Port of Houston, and AllTrans promised safely to receive, load, stow, secure, carry, unload and deliver the cargo to CIEC or its consignee at Houston in the same good order and condition as when received, in consideration of paid freight charges. AllTrans acknowledged receipt of the cargo in good order and condition and accordingly therewith issued various receipts, bills of lading and/or other shipping memoranda free of exceptions or other notations for shortage, damage or other loss.

9.     When AllTrans later tendered the cargo to CIEC or its consignee, it no longer was in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, compressed, wet, rusty, corroded, contaminated, stained, scratched and otherwise physically damaged. The losses proximately resulted from AllTrans' acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or

violation(s) of the duties of a bailee, and/or common carrier of goods by road for hire.

10. Plaintiff proximately has sustained damages exceeding $53,477.72 plus pre-judgment interest, demand for which has been made upon Defendants but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff China Pacific Property Insurance Co., Ltd. respectfully prays that this Honorable Court adjudge that Defendants, Dalian Suntime International Transportation Co., Ltd. and AllTrans Port Trucking, Inc., jointly and severally, are liable to Plaintiff for its damages as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

    Respectfully submitted,

    *SHARPE & OLIVER, L.L.P.*

    By _/s/ Robert C. Oliver_
    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    5535 Memorial Drive, Suite F570
    Houston, Texas 77007
    Telephone:  (713) 864–2221
    Facsimile:  (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

    ATTORNEYS FOR PLAINTIFF